**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 26-CV-26005-RAR**

HSA PGH, LLC d/b/a Palmetto General Hospital;
HSA CGH, LLC d/b/a Coral Gables Hospital;
HSA FMC, LLC d/b/a Florida Medical Center;
HSA NSMC, LLC d/b/a North Shore Medical Center;
HSA HH, LLC d/b/a Hialeah Hospital;
HSA GLENWOOD, LLC d/b/a Glenwood Regional Medical Center;
HSA PORT ARTHUR, LLC d/b/a Medical Center of Southeast Texas;
and HSA ST. JOSEPH, LLC d/b/a St. Joseph Medical Center,

Plaintiffs,

v.

UMR, INC.,

Defendant,

_______________________________________________/

**UMR, INC.'S REMOVAL STATUS REPORT**

Pursuant to the Court's September 1, 2026, Order Requiring Removal Status Report, (Doc. 6), Defendant UMR, Inc. ("UMR") files this Removal Status Report.

## I. Nature of the Claim

On August 12, 2026, Plaintiffs, eight commonly owned hospital limited liability companies operating under the "Healthcare Systems of America" name (collectively, "HSA"), filed a two-count Complaint for declaratory and injunctive relief against UMR in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, styled *HSA PGH, LLC et al. v. UMR, Inc.*, No. 2026-016309-CA-01 (Fla. 11th Jud. Cir.). (Doc. 1 at 20.) On August 26, 2026, Plaintiffs filed their Amended Complaint, which is now the operative pleading. (*Id.* at 106.)

The Amended Complaint asserts a single count for Injunctive Relief. (Doc. 1 at 114–115.) Plaintiffs allege that UMR acted, at all material times, as the third-party administrator for self-funded employee welfare benefit health plans sponsored by the HSA entities; that UMR unilaterally terminated the arrangement under which it processed HSA's "Run Out Claims"; and that UMR is now holding, and refusing to return, an estimated $3,531,417.05 of HSA's plan funds. (Doc. 1 ¶¶ 5–8; *see generally id.* at 106–115.) Plaintiffs contend that UMR is holding these funds in an effort to compel payment of the obligations of a separate, non-party entity, American Healthcare Systems Corp., Inc. ("AHS"). (*See id.* at 111.) Plaintiffs expressly plead that "the amount in controversy exceeds $750,000.00, exclusive of interest, costs, and attorneys' fees." (*Id.* at 109, ¶ 20.) The Amended Complaint's ad damnum seeks only equitable relief—namely, entry of a temporary restraining order and temporary injunction "[r]equiring UMR to immediately return $3,531,417.05 of HSA's funds to HSA" and "[g]ranting such further relief as the Court deems just and proper." (*Id.* at 115.)

No counterclaim, cross-claim, or third-party claim has been made by any party as of the date of this Report. In response to the Amended Complaint, UMR has filed a Motion to Compel Arbitration and to Stay Proceedings, and in the Alternative, to Dismiss the Amended Complaint. (Doc. 8.) That Motion is pending.

## II. Grounds for Removal and List of Parties

UMR removed this action from state court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 on the basis of diversity jurisdiction. (Doc. 1 at 1.) The amount in controversy exceeds $75,000, exclusive of interest and costs. Because Plaintiffs seek injunctive relief, the amount in controversy is measured by the value of the object of the litigation—here, UMR's return of the $3,531,417.05

of plan funds it is allegedly holding. (*Id.* at 114–115.) Plaintiffs themselves plead that the amount in controversy exceeds $750,000. (*Id.* at 109, ¶ 20.)

The parties are completely diverse. UMR was incorporated under the laws of Delaware and maintains its principal place of business in Wausau, Wisconsin, and is therefore a citizen of Delaware and Wisconsin. (Doc. 1 at 156–158.) Plaintiffs are eight limited liability companies whose membership traces, through three intermediate Nevada holding companies, to a single member and parent, Healthcare Systems of America Corp., a Nevada corporation with its principal place of business in Fort Lauderdale, Florida. (*Id.* at 3, 5–8; *see also id.* at 293–96, 298, 328, 358, 387, 389, 700–703.) Each Plaintiff is therefore a citizen of Nevada and Florida, and none is a citizen of Delaware or Wisconsin.

## III. List of Pending Motions

The only pending motion is UMR's Motion to Compel Arbitration and to Stay Proceedings, and in the Alternative, to Dismiss the Amended Complaint. (Doc. 8.) Therein, UMR seeks to compel arbitration pursuant to the Administrative Services Agreement at issue, and to stay the case pending arbitration. In the alternative, UMR argues that the Amended Complaint fails to state a claim because injunctive relief, the sole count, is a remedy and not a freestanding cause of action. UMR also argues that injunctive relief is inappropriate as this is a case wherein Plaintiffs seek money damages, and therefore have an adequate remedy at law.[1]

[1] On August 27, 2026, in state court, Plaintiffs filed their Verified Amended Emergency Motion for Temporary Injunction. (Doc. 1 at 126.) The Amended Motion remained pending at the time of UMR's removal on August 31. Therein, Plaintiffs sought, pursuant to Florida Rule of Civil Procedure 1.610, entry of a temporary injunction "[r]equiring UMR to immediately return the $3,531,417.05 of HSA's funds currently being held by UMR." (*Id.* at 135.) On September 11, 2026, the Court denied Plaintiffs' Verified Amended Emergency Motion without prejudice, inviting Plaintiffs to refile same in accordance with the Local Rules. (Doc. 10.) Plaintiffs have yet to file such a motion at the time of this Report.

## IV. Removal is Timely

UMR removed this action within thirty (30) days after the receipt, through service, of the original complaint. Specifically, UMR was served on August 19, 2026. (Doc. 1 at 12.) UMR is the sole defendant named in this action. UMR removed the action on August 31, thus making removal timely in accordance with 28 U.S.C. § 1446(b)(1).

Dated: September 14, 2026

Respectfully submitted,

*/s/ Irene Bassel Frick*

**Irene Bassel Frick, Esq.**
Florida Bar No.: 0158739
Primary: irene.basselfrick@akerman.com
Secondary: nicole.emmett@akerman.com
**Neema Mathew Monfared, Esq.**
Florida Bar No. 1035991
Primary: neema.monfared@akerman.com
Secondary: marykay.siegel@akerman.com
**AKERMAN LLP**
401 E. Jackson Street, Suite 1700
Tampa, Florida 33602
Telephone (813) 223-7333

**Alexandra M. Mora, Esq.**
Florida Bar No: 052368
Primary: alexandra.mora@akerman.com
Secondary: marylin.herrera@akerman.com
**Scott E. Allbright, Jr.**
Florida Bar No.: 102958
Primary: scott.allbright@akerman.com
Secondary: debra.atkinson@akerman.com
**AKERMAN LLP**
Three Brickell City Centre, Suite 1100
98 SE Seventh Street Miami, Florida 33131
Telephone: (305) 374-5600

**Allison P. Gallagher, Esq.**
Florida Bar No.: 808911
Primary: allison.gallagher@akerman.com
Secondary: nicole.emmett@akerman.com
**AKERMAN LLP**
420 South Orange Avenue, Suite 1200
Orlando, Florida 32801
Telephone: (407) 423-4000

*Counsel for Defendant, UMR, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing document was electronically filed via CM/ECF on September 14, 2026.

*/s/ Irene Bassel Frick*
**Irene Bassel Frick, Esq.**
Florida Bar No.: 0158739