UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:26-CV-26005-RUIZ

HSA PGH, LLC d/b/a Palmetto General Hospital; HSA CGH, LLC d/b/a Coral Gables Hospital; HSA FMC, LLC d/b/a Florida Medical Center; HSA NSMC, LLC d/b/a North Shore Medical Center; HSA HH, LLC d/b/a Hialeah Hospital; HSA GLENWOOD, LLC d/b/a Glenwood Regional Medical Center; HSA PORT ARTHUR, LLC d/b/a Medical Center of Southeast Texas; and HSA ST. JOSEPH, LLC d/b/a St. Joseph Medical Center,

Plaintiffs,

vs.

UMR, INC.,

Defendant.
_______________________________________/

**PLAINTIFFS' MOTION FOR LEAVE**
**TO FILE SECOND AMENDED COMPLAINT**

Plaintiffs HSA PGH, LLC d/b/a Palmetto General Hospital; HSA CGH, LLC d/b/a Coral Gables Hospital; HSA FMC, LLC d/b/a Florida Medical Center; HSA NSMC, LLC d/b/a North Shore Medical Center; HSA HH, LLC d/b/a Hialeah Hospital; HSA GLENWOOD, LLC d/b/a Glenwood Regional Medical Center; HSA PORT ARTHUR, LLC d/b/a Medical Center of Southeast Texas; and HSA ST. JOSEPH, LLC d/b/a St. Joseph Medical Center (collectively, the "HSA Hospital Plaintiffs"), move for leave under Federal Rule of Civil Procedure 15(a)(2) to file the proposed Second Amended Complaint attached as Exhibit A.

1. Federal Rule of Civil Procedure 15(a)(2) provides that the Court "should freely give leave" to amend a pleading "when justice so requires." Leave to amend ordinarily should be

granted absent undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Those factors favor amendment here.

2. The HSA Hospital Plaintiffs commenced this action in state court on August 12, 2026. UMR had served as the third-party administrator for the HSA Hospital Plaintiffs' self-funded employee medical claims and held claims-funding money provided for payment of those HSA claims. When UMR terminated its claims-administration services, HSA medical claims incurred before termination remained to be processed, and the HSA Hospital Plaintiffs sought emergency relief requiring UMR to continue processing those claims. The HSA Hospital Plaintiffs amended their complaint on August 26, 2026, after UMR thereafter stopped processing HSA claims. UMR did not answer and instead removed the action to this Court on August 31, 2026.

3. On September 9, 2026, UMR filed its Motion to Compel Arbitration and Dismiss [ECF No. 8]. UMR now contends, among other things, that the HSA Hospital Plaintiffs are bound by the arbitration provision in an Administrative Services Agreement between UMR and a separate entity, American Healthcare Systems Corp., Inc. ("AHS"), even though the HSA Hospital Plaintiffs are not identified as parties to or signatories of that agreement and AHS is not a party to this action. *See* ECF No. 8 at 10–13.

4. The proposed Second Amended Complaint also clarifies the nature and basis of the HSA Hospital Plaintiffs' claims in light of UMR's position. The HSA Hospital Plaintiffs do not seek to enforce rights created by the ASA. Their claims arise from UMR's receipt, custody, use, accounting for, and retention of HSA-attributable claims funding and from the HSA Hospital Plaintiffs' ownership and possessory rights in that money.

5. UMR also moved to dismiss on the ground that the state-court Amended Complaint pleaded injunctive relief as a standalone cause of action rather than as a remedy ancillary to a substantive claim. *See* ECF No. 8 at 17–18. The proposed Second Amended Complaint eliminates that pleading issue by asserting substantive claims for breach of fiduciary duty, conversion, money had and received/restitution, and declaratory relief, while seeking injunctive relief as a remedy.

6. The proposed Second Amended Complaint seeks, among other relief, an accounting, return of HSA-attributable claims funding, damages arising from UMR's continued withholding of those funds, and relief prohibiting UMR from applying HSA-attributable funds to claims or obligations not attributable to the HSA Hospital Plaintiffs.

7. The amendment is timely and will not prejudice UMR. The HSA Hospital Plaintiffs seek leave promptly after removal and after UMR identified the arbitration and pleading issues raised in its pending motion. UMR has not answered, discovery has not begun, and the Court has not adjudicated any substantive claim.

8. The proposed amendment is not futile. The proposed Second Amended Complaint pleads substantive causes of action arising from UMR's custody, control, use, retention, and disposition of HSA-attributable claims funding.

9. Granting leave at this early, post-removal stage will permit the parties and the Court to address the dispute on the pleading that reflects the claims and relief now at issue, without undue delay or prejudice to UMR.

**WHEREFORE**, the HSA Hospital Plaintiffs respectfully request that the Court grant this Motion and permit them to file the proposed Second Amended Complaint attached as Exhibit A.

**LOCAL RULE 7.1(a)(3) CERTIFICATION**

Undersigned counsel certifies that counsel for Plaintiffs conferred with counsel for Defendant UMR, Inc. regarding the relief requested herein. Defendant UMR has not yet made a determination of they oppose or agree to the Motion at this time. They plan to update the undersigned as to their position.

WAHID VIZCAINO GELLER
PLLC
2103 Coral Way, Suite 401
Miami, Florida 33145
(305)444-4303
(305)444-4302

***/s/ Khurrum Wahid__***
Florida Bar 178764
khurrum@wvglegal.com
***/s/ David Geller***
David Geller, Esq.
Florida Bar No. 28976
david@wvglegal.com
***/s/ Alex Saiz***
Florida Bar No. 093011
Alex@wvglegal.com
**Counsel for Plaintiff**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 2, 2026, a true and correct copy of the foregoing was filed with the Court and to the Clerk of Court via ECF.

***/s/ Alex Saiz***
Florida Bar No. 093011
Alex@wvglegal.com
**Counsel for Plaintiff**