**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 26-CV-26005-RUIZ/Louis**

HSA PGH, LLC d/b/a Palmetto General Hospital;
HSA CGH, LLC d/b/a Coral Gables Hospital;
HSA FMC, LLC d/b/a Florida Medical Center;
HSA NSMC, LLC d/b/a North Shore Medical Center;
HSA HH, LLC d/b/a Hialeah Hospital;
HSA GLENWOOD, LLC d/b/a Glenwood Regional Medical Center; HSA PORT ARTHUR, LLC d/b/a Medical Center of Southeast Texas; and HSA ST. JOSEPH, LLC d/b/a St. Joseph Medical Center,

Plaintiffs,

v.

UMR, INC.,

Defendant.
_______________________________________________/

**DEFENDANT UMR, INC.'S UNOPPOSED MOTION TO EXTEND THE DEADLINE TO JOIN PARTIES AND AMEND PLEADINGS PENDING RESOLUTION OF ITS MOTION TO COMPEL ARBITRATION**

Defendant UMR, Inc. ("UMR"), pursuant to Federal Rules of Civil Procedure 6 and 16 and Southern District of Florida Local Rule 7.1, moves to extend the deadline to join parties and amend pleadings until thirty (30) days after entry of the Court's order on UMR's Motion to Compel Arbitration and Stay Proceedings [Doc. 28] (the "Motion to Compel") and states:

1. Under the Court's Scheduling Order [Doc. 26], all motions to amend pleadings or to join parties must be filed by November 20, 2026.

2. Plaintiffs filed their original complaint in state court on August 12, 2026, amended it on August 26, and UMR removed the action on August 31. [Doc. 1.] UMR moved to compel arbitration on September 9. [Doc. 8.] Plaintiffs thereafter obtained leave to file a Second Amended

Complaint ("SAC"), which materially changed Plaintiffs' causes of action. [Docs. 20, 21.] After Plaintiffs filed the SAC on October 9, UMR promptly renewed its Motion to Compel on October 23. [Docs. 24, 28.]

3. UMR's reply, in support of its Motion to Compel, is due November 20, 2026, the same day as the current deadline to join parties and amend pleadings.

4. Disposition of UMR's Motion to Compel will decide whether this dispute proceeds in this Court at all. If the Court grants the Motion to Compel, the case will be stayed pending arbitration, potentially eliminating the need for joinder or amendment in this action. If the Court denies the Motion to Compel, the parties may need to address whether additional parties should be joined.

5. In their Joint Scheduling Report, the parties advised the Court that "AHS may be joined in this action." [ECF No. 25 at 2.] Thus, the possibility that the parties or pleadings may need to change is not newly raised by this motion.

6. Good cause exists for the requested extension. UMR has acted diligently: it moved promptly to compel arbitration, and then promptly refiled its motion following Plaintiffs' SAC. The arbitrability question remains pending through no lack of diligence by UMR. Requiring UMR to seek joinder or amend its pleadings before the Court decides the forum question would require it to take merits-related litigation steps while asking the Court to send the dispute to arbitration. It could also lead to unnecessary motion practice that becomes moot if arbitration is compelled. Deferring the deadline until after the Court's ruling serves judicial economy and preserves the status quo.

7. The requested extension will not prejudice any party or delay resolution of this action. Discovery does not close until May 25, 2027, and no other deadline in the Scheduling Order needs to change.

8. This motion is filed solely to preserve the status quo pending resolution of the Motion to Compel. Nothing in this motion waives, or should be construed as waiving, UMR's right to arbitrate, its pending Motion to Compel, or any other defense or right available to UMR.

9. This motion is made in good faith and not for purposes of delay.

WHEREFORE, Defendant UMR, Inc. respectfully requests that the Court enter an order (a) extending the deadline to file motions to join parties and to amend pleadings until thirty (30) days after entry of the Court's order on UMR's Motion to Compel Arbitration [Doc. 28] and (b) granting any further relief the Court deems just and proper. A proposed order is attached as **Exhibit A** and will be submitted in Word format in accordance with the CM/ECF guidelines.

**CERTIFICATE OF CONFERRAL UNDER LOCAL RULE 7.1(a)(3)**

Counsel for UMR conferred with counsel for Plaintiffs by email on November 17 and 18, 2026, regarding the relief requested in this motion. Plaintiffs do not oppose the relief requested.

Dated: November 19, 2026

Respectfully submitted,

/s/ Irene Bassel Frick
Irene Bassel Frick, Esq.
Florida Bar No.: 0158739
Primary: irene.basselfrick@akerman.com
Secondary: nicole.emmett@akerman.com
Neema Mathew Monfared, Esq.
Florida Bar No.: 1035991
Primary: neema.monfared@akerman.com
Secondary: marykay.siegel@akerman.com
AKERMAN LLP
401 E. Jackson Street, Suite 1700
Tampa, Florida 33602
Telephone: (813) 223-7333

Scott E. Allbright, Jr.
Florida Bar No.: 102958
Primary: scott.allbright@akerman.com
Secondary: debra.atkinson@akerman.com
AKERMAN LLP
Three Brickell City Centre, Suite 1100
98 SE Seventh Street
Miami, Florida 33131
Telephone: (305) 374-5600

Allison P. Gallagher, Esq.
Florida Bar No.: 808911
Primary: allison.gallagher@akerman.com
Secondary: nicole.emmett@akerman.com
AKERMAN LLP
420 South Orange Avenue, Suite 1200
Orlando, Florida 32801
Telephone: (407) 423-4000

*Counsel for Defendant, UMR, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 19, 2026, a true and correct copy of the foregoing was filed via CM/ECF, which will serve a copy on all counsel of record, including the counsel listed on the Service List below.

*/s/ Irene Bassel Frick*
Irene Bassel Frick, Esq.

**SERVICE LIST**

Khurrum Wahid, Esq.
khurrum@wvglegal.com
Alex John Saiz, Esq.
Alex@wvglegal.com
David Geller, Esq.
david@wvglegal.com
Wahid Vizcaino Geller LLP
2103 Coral Way, Suite 401
Miami, Florida 33145
*Counsel for Plaintiffs*